UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Harold E. Shaneyfelt, Jr.

   v.                                            Civil No. 06-cv-263-PB

State of New Hampshire[1]

**O R D E R**

Pro se petitioner Harold E. Shaneyfelt, Jr. has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction and confinement (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).

For the reasons stated below, I find that the petition does

---

[1] I liberally construe the petition to name the Commissioner of the New Hampshire Department of Corrections as the respondent. See Habeas Rule 2 (requiring the state officer who has custody of the petitioner to be named as the respondent in habeas corpus actions brought pursuant to 28 U.S.C. § 2254).

not at this time make a facially sufficient showing that Shaneyfelt is entitled to relief.  I therefore order him to amend the petition to demonstrate that each of the claims therein has been properly exhausted before I will direct that the petition be answered.

## Background

Convicted on June 23, 2000 of three counts of felonious sexual assault[2] by the New Hampshire Superior Court (Rockingham County), Shaneyfelt was sentenced to a term of imprisonment.  He is currently incarcerated at the Taylor Correctional Institution in Perry, Florida.  Following his conviction, Shaneyfelt filed a direct appeal with the New Hampshire Supreme Court ("NHSC").  Although he has not provided this Court with a copy of the appeal, he allegedly raised the following two claims: (1) trial court error in permitting an amended indictment; and (2) erroneous jury instruction.  The NHSC affirmed his conviction on October 25, 2002.

Shaneyfelt filed a motion to correct illegal sentence with the New Hampshire Superior Court (Rockingham County), which was

---

[2]Shaneyfelt alleges that he was convicted of three counts under N.H. Rev. Stat. Ann. § 632-A:3, III.

2

denied on May, 15, 2003.  He also filed in the superior court a petition for post-conviction relief in which he raised claims of ineffective assistance of trial counsel based on counsel's (1) failure to object, including the failure to object to prosecutorial misconduct, (2) solicitation of incriminating testimony, (3) failure to permit Shaneyfelt to participate actively in jury selection and (4) failure to introduce polygraph test results.  His petition was denied on December 17, 2005.  He subsequently filed a petition to remedy a pleading defect in the first petition, which was denied on June 30, 2006.  Shaneyfelt has not provided this Court with copies of the above-mentioned state court pleadings.

In the instant petition, he alleges four grounds for federal habeas corpus relief:

1. trial court error in permitting the state to amend the indictment on the day of trial, in violation of federal law and <u>Stirone v. United States</u>, 361 U.S. 212, 217 (1960)(holding that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him)(citations omitted) (Ground 1);

2. ineffective assistance of trial counsel, in violation of federal law and <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial) when trial counsel:

      a.    failed to object to the state's violation of the "Golden Rule"[3] (Ground 2);

      b.    failed to object to the prosecutor's improper expression of personal belief in Shaneyfelt's guilt during closing arguments (Ground 3); and

      c.    failed to permit Shaneyfelt to participate actively in jury selection (Ground 4).

## Discussion

I. <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Shaneyfelt must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process). <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the Taylor Correctional Institution and thus is in custody.

---

[3] <u>See</u> <u>Walton v. City of Manchester</u>, 140 N.H. 403, 406, 666 A.2d 978, 980 (1995) ("A 'golden rule' argument is made when counsel urges jurors to put themselves in a particular party's place, or into a particular party's shoes.")(citations omitted). <u>See also</u> <u>Forrestal v. Magendantz</u>, 848 F.2d 303, 309 (1st Cir. 1988)(holding that the "Golden Rule argument has been universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.").

4

However, Shaneyfelt fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every

claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Shaneyfelt raises four grounds for federal habeas corpus relief.  While Ground One is similar to the claim raised on appeal to the NHSC, there is no indication that he presented the federal nature of the claim to the NHSC.  As to the remaining grounds in the petition, there is no indication that Shaneyfelt presented the claims or the federal nature of the claims to the NHSC for review.  Accordingly, he has failed to demonstrate exhaustion of state remedies as to the four claims raised in his federal petition.

To demonstrate exhaustion of his claims, Shaneyfelt must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular, he should provide this Court with a copy of the notice of appeal filed with the NHSC.  He may need to return to the state courts to fully present his unexhausted claims and the

federal nature of each claim before he can make the required amendment to his federal petition.

II. Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court). See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack. Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after

exhaustion has occurred, will be untimely"). Accordingly, if Shaneyfelt elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Shaneyfelt an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims. To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days. If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order. I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies. The stay will be issued under the following two

conditions:

>1.  Shaneyfelt is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
>2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Shaneyfelt must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: September 18, 2006

cc:   Harold E. Shaneyfelt, Jr., *pro se*