**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Harold E. Shaneyfelt, Jr.

   v.                                                     Civil No. 06-cv-263-PB

State of New Hampshire

**O R D E R**

Pro se petitioner Harold E. Shaneyfelt, Jr. has filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document nos. 6 and 7). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings). Named as the respondent is the State of New Hampshire.[1]

---

[1]Convicted and sentenced in New Hampshire, Shaneyfelt allegedly was subsequently transferred to a facility in Florida pursuant to the Interstate Corrections Compact. (Def's Aff. in Support of Mot. to be Sentenced In Absentia). Although Florida correctional authorities have daily control over him, it appears

Because Shaneyfelt is in state custody and appears to have exhausted state remedies, as discussed more fully below, I order the petition to be served on the respondent.

## Background

Convicted on June 23, 2000 of three counts of felonious sexual assault by the New Hampshire Superior Court (Rockingham County), Shaneyfelt was sentenced to a term of imprisonment at the New Hampshire State Prison. He is currently serving his sentence at the Taylor Correctional Institution in Perry, Florida. Following his conviction, Shaneyfelt filed a direct appeal with the New Hampshire Supreme Court ("NHSC"). In his appeal and supporting documents, he raised the following two claims: (1) the trial court erred by permitting the prosecution

---

that New Hampshire is the true custodian and that Florida is acting solely as New Hampshire's agent in incarcerating him. See Smart v. Goord, 21 F. Supp. 2d 309, 314 (S.D.N.Y. 1998)(holding that New Hampshire was the proper custodian of a habeas petitioner who was convicted and sentenced in New Hampshire and then transferred to New York under the Interstate Corrections Compact and, therefore, the federal district court in New Hampshire would be able to assert personal jurisdiction over the appropriate New Hampshire official if the proceeding were transferred from New York). Accordingly, I liberally construe the petition to name as the respondent the Commissioner of the New Hampshire Department of Corrections. See Habeas Rule 2 (requiring the state officer who has custody of the petitioner to be named as the respondent in habeas corpus actions brought pursuant to 28 U.S.C. § 2254).

to substantively amend the indictment on the first day of trial, thereby resulting in prejudice to Shaneyfelt (citing <u>Stirone v. United States</u>, 361 U.S. 212, 217 (1960) (holding that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him)(citations omitted)); and (2) the trial court erred by instructing the jury in such a way as to suggest that the jury could not consider the absence of any corroboration of the complainants' testimony in reaching its verdict.  The NHSC affirmed his conviction on October 25, 2002.

Shaneyfelt filed a motion to correct illegal sentence with the New Hampshire Superior Court (Rockingham County) in which he alleged that his sentences were imposed consecutively, in violation of his Fourteenth Amendment right to due process and his Fifth Amendment protection against double jeopardy.  His motion was denied on May, 15, 2003.  He raised similar federal claims in his subsequent appeal to the NHSC, which was declined without opinion on September 17, 2003.

Shaneyfelt also filed in the superior court a petition for post-conviction relief in which alleged that he was denied effective assistance of trial counsel, in violation of his federal constitutional rights and <u>Strickland v. Washington</u>, 466

U.S. 668, 687-88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial), when his trial counsel: (1) failed to object to prosecutorial misconduct and the prosecution's violation of the Golden Rule (citing <u>Walton v. City of Manchester</u>, 140 N.H. 403, 406, 666 A.2d 978, 980 (1995) ("A 'golden rule' argument is made when counsel urges jurors to put themselves in a particular party's place, or into a particular party's shoes.")(citations omitted)); (2) failed to object to the prosecution's improper expression of personal belief in Shaneyfelt's guilt during closing arguments (3) solicited incriminating testimony; (4) failed to permit Shaneyfelt to participate actively in jury selection; and (5) failed to introduce polygraph test results.  Trial counsel's ineffectiveness allegedly prejudiced Shaneyfelt and adversely affected the outcome of his trial.  By endorsed order of November 20, 2003, the superior court denied his motion.

Shaneyfelt raised identical federal claims in a subsequent appeal to the NHSC in which he attached a copy of his motion for post-conviction relief and incorporated those claims by reference.  On February 11, 2004, the NHSC remanded the case to

4

the New Hampshire Superior Court (Rockingham County).  On remand, the superior court reconsidered the ineffective assistance of counsel claims raised by Shaneyfelt in his motion for post-conviction relief and denied his request for relief on December 17, 2005.  Shaneyfelt filed an appeal with the NHSC which was declined without opinion on June 30, 2006.

In the instant petition, he alleges four grounds for federal habeas corpus relief:

1. the trial court erred by permitting the state to substantively amend the indictment on the first day of trial, thereby causing prejudice to Shaneyfelt, in violation of federal law and Stirone, 361 U.S. at 217) (holding that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him)(citations omitted) (Ground 1);

2. trial counsel rendered ineffective assistance, in violation of Shaneyfelt's Sixth and Fourteenth Amendment rights and Strickland, 466 U.S. at 687-88 (holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial), when trial counsel:

    a. failed to object to the prosecution's violation of the "Golden Rule"[2] when the

---

[2] See Walton v. City of Manchester, 140 N.H. 403, 406, 666 A.2d 978, 980 (1995) ("A 'golden rule' argument is made when counsel urges jurors to put themselves in a particular party's place, or into a particular party's shoes.")(citations omitted). See also Forrestal v. Magendantz, 848 F.2d 303, 309 (1st Cir. 1988)(holding that the "Golden Rule argument has been universally

            prosecution appealed to the jury to place themselves in the victim's shoes, all of which resulted in prejudice to Shaneyfelt (Ground 2);

    b.    failed to object to the prosecution's improper expression of personal belief in Shaneyfelt's guilt during closing arguments (Ground 3); and

    c.    denied Shaneyfelt the opportunity to participate actively in jury selection (Ground 4).

## Discussion

I.   Custody and Exhaustion

To be eligible for habeas relief, Shaneyfelt must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the Taylor Correctional Institution and thus is in custody. Shaneyfelt also satisfies the second requirement as the amended petition demonstrates that he has fully exhausted his state

---

condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.").

remedies with regard to each claim.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Shaneyfelt raises four grounds for federal habeas corpus relief.  Ground One alleges that the trial

court erred by permitting the state to substantively amend the indictment on the first day of trial, thereby resulting in prejudice to Shaneyfelt, in violation of his Sixth and Fourteenth Amendment rights and Stirone, 361 U.S. at 217.  The record reveals that Shaneyfelt raised this claim on appeal to the New Hampshire Supreme Court.  Accordingly, I conclude that he has demonstrated exhaustion of Ground One for purposes of federal habeas review.

Grounds Two, Three and Four allege that Shaneyfelt was denied effective assistance of trial counsel, in violation of his Sixth and Fourteenth Amendment rights and Strickland, 466 U.S. at 687-88, when his trial counsel: (1) failed to object to the state's violation of the Golden Rule (Ground 2); (2) failed to object to the prosecutor's improper expression of personal belief in Shaneyfelt's guilt during closing arguments (Ground 3); and (3) failed to permit Shaneyfelt to participate actively in jury selection (Ground 4).  The record reveals that Shaneyfelt raised each claim on appeal to the New Hampshire Supreme Court. Accordingly, I conclude that he has demonstrated exhaustion of Grounds Two, Three and Four for purposes of federal habeas review.

**Conclusion**

For the reasons stated above, I order the petition to be served on the respondent. See Habeas Rule 4. The respondent shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition).

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document nos. 1 and 7). Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service

is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

                                   _____
                                   James R. Muirhead
                                   United States Magistrate Judge

Date:    November 7, 2006

cc:      cc:   Harold E. Shaneyfelt, Jr., pro se